[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CLARIFICATION (#116.00)
This matter comes to this court on a motion for clarification. The court notes that paragraphs 1, 2 and 5 of the motion have been stipulated and agreed to by the parties. The parties did not agree CT Page 1699 to paragraphs 3, 4 and 6 in the motion for clarification and accordingly, the court will address that.
(1) First as to paragraph 3 of the Motion for Clarification which refers to paragraph 7 of the decision. The court adds the following language at the end of paragraph 7 in order to clarify it. "At such time as the oldest child attains the age of eighteen or becomes sooner emancipated, then child support shall be payable for the remaining minor child in accordance with the Connecticut child support guidelines."
(2) As to paragraph 4 of the Motion for Clarification, the court is asked to answer a question. The court intended that the income tax law and rules thereon prevail as to who is entitled to the dependency exemption. It is clear that the court did not address that issue and left it up to federal income tax law to provide for who is entitled to the exemption, thus, it needs no clarification.
(3) Paragraph 6 of the Motion for Clarification addressed paragraph 17 of the Decision. The court finds that the order is, clear and it stands as is with no changes. The court clearly intended there to be a requirement that he name his wife the beneficiary of his interest in the Plan. The court did not order him to keep the plan in effect. So that the argument of Attorney Balbirer, that he would advise his client not to have this in effect, is one that the court did not address. The court did not, however, intend that he was obligated to keep it in place so that she would have a death benefit. Rather that if it was in place and he died, she got it.
KARAZIN, J.